IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| **ENDURACARE THERAPY MANAGEMENT, INC.**,<br>2500 North Buffalo Drive, #210<br>Las Vegas, Nevada 89128,<br><br>    Plaintiff,<br><br>  vs.<br><br>**EAST BANK CENTER, LLC**,<br>6131 Park Ridge Road<br>Loves Park, Illinois 61111,<br><br>  and<br><br>**HOME BRIDGE CENTER, LLC**,<br>1701 West 5th Avenue<br>Belvidere, Illinois 61008,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **CASE NO. 11-cv-50190**<br><br><br><br>**JURY TRIAL DEMAND** |

**COMPLAINT AT LAW**

Now comes Plaintiff EnduraCare Therapy Management, Inc. ("Plaintiff EnduraCare"), by and through its counsel NIELSEN, ZEHE & ANTAS, P.C., and states for its Complaint against Defendant East Bank Center, LLC ("Defendant East Bank") and Defendant Home Bridge Center, LLC ("Defendant Home Bridge") (Defendant East Bank and Defendant Home Bridge are sometimes collectively referred to hereinafter as "Defendants") as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.      Plaintiff EnduraCare is a Delaware corporation having its principal place of business at 2500 North Buffalo Drive, #210, Las Vegas, Nevada 89128. Plaintiff EnduraCare is in the business of providing physical, occupational, and speech therapy services to residents

residing in nursing homes owned or operated as licensed long term care and skilled nursing facilities under the requirements of the Illinois Department of Public Health, similar agencies in other states, and the federal Medicare program, also known as "Title XVIII" by reference to Title XVIII of the Social Security Act (42 U.S.C. § 1395 *et seq.*). In addition to the professional therapy services described above, Plaintiff EnduraCare also provides certain professional therapy management services (the "Management Services").

2. Defendant East Bank is an Illinois limited liability company having its principal place of business at 4N275 Doral, West Chicago, Illinois 60185. Defendant East Bank is the owner and/or operator of a nursing facility that provides skilled nursing, respite, and rehabilitation services to its residents. The facility, more commonly known as East Bank Center (the "East Bank Facility"), is located at 6131 Park Ridge Road, Loves Park, Illinois 61111 in Winnebago County.

3. Defendant Home Bridge is an Illinois limited liability company having its principal place of business at 107 South Third Street, Suite 3, Bloomingdale, Illinois 60108. Defendant Home Bridge is the owner and/or operator of a nursing facility that provides skilled nursing, respite, and rehabilitation services to its residents. The facility, more commonly known as Home Bridge Center (the "Home Bridge Facility"), is located at 1701 West 5th Avenue, Belvidere, Illinois 61008 in Boone County.

4. The Court possesses jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because this action is between citizens of different states and involves an amount in controversy exceeding Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs. Furthermore, the Court also has jurisdiction over the subject matter of this dispute pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction) inasmuch as: (a) the Court has

original jurisdiction over Plaintiff EnduraCare's claims, (b) the additional claims contained in this Complaint form part of Plaintiff EnduraCare's claims under Article III of the United States Constitution, and (c) exercising supplemental jurisdiction is otherwise consistent with the jurisdictional requirements of 28 U.S.C. § 1332.

5. The Court possesses jurisdiction over the persons of Defendants because Defendants are Illinois limited liability companies conducting business in the State of Illinois.

6. Venue in this Court is appropriate pursuant to 42 U.S.C. § 1391(a) because the Northern District of Illinois is the judicial district where Defendants have their principal places of business.

## FACTS COMMON TO ALL COUNTS

*Commencement of the Relationship*

7. On or about September 21, 2010, Plaintiff EnduraCare entered into written Therapy Management Agreements with Defendants. A true and accurate copy of the Therapy Management Agreement entered into with Defendant East Bank (the "East Bank TMA") is attached hereto as **EXHIBIT 1**. A true and accurate copy of the Therapy Management Agreement entered into with Defendant Home Bridge (the "Home Bridge TMA") is attached hereto as **EXHIBIT 2**. The East Bank TMA and the Home Bridge TMA are sometimes collectively referred to hereinafter as the "Agreements."

8. Pursuant to the Agreements, Plaintiff EnduraCare provided the Management Services to Defendants. Defendants agreed to pay Plaintiff EnduraCare for the Management Services no later than thirty (30) days after receiving any invoice from Plaintiff EnduraCare. Defendants further agreed to pay interest on any unpaid balances at the rate of one-and-one-half percent (1.5%) per month from the payment due date through Plaintiff EnduraCare's receipt of

the payment. Defendants further agreed to pay all attorneys' fees incurred by Plaintiff EnduraCare in litigating any action to enforce the terms of the Agreements if Plaintiff EnduraCare were to prevail in such litigation.

9. Beginning on or about October 18, 2010, Plaintiff EnduraCare began providing the Management Services to Defendants.

10. The Agreements each had an initial one-year term ending on October 18, 2011.

*Defendants Fail To Pay For Management Services Rendered*

11. Plaintiff EnduraCare invoiced Defendants on a monthly basis for the Management Services provided to Defendants.

12. However, Defendants failed to pay Plaintiff EnduraCare for the Management Services in full.

13. Despite Plaintiff EnduraCare's request, Defendant East Bank has failed and refused to pay Plaintiff EnduraCare the sum of Fifty-Five Thousand Four Hundred Thirty-Seven Dollars and Fifty Cents ($55,437.50), plus late charges, for the Management Services related to the East Bank Facility.

14. Likewise, despite Plaintiff EnduraCare's request, Defendant Home Bridge has failed and refused to pay Plaintiff EnduraCare the sum of Thirty-Five Thousand Eight Hundred Twelve Dollars and Forty-Eight Cents ($35,812.48), plus late charges, for the Management Services related to the Home Bridge Facility.

*Defendants Prematurely Terminate the Agreements*

15. Moreover, Defendants advised Plaintiff EnduraCare in writing on June 7, 2011 that they were unilaterally terminating the Agreements on July 6, 2011 notwithstanding the terms and conditions of the Agreements.

16. Section 7(d) of the Agreements expressly identifies the very limited circumstances under which Defendants may exercise a right to terminate the Agreements. As set forth in the Agreements, Defendants may only terminate the Agreements if:

> (i) EnduraCare makes an assignment for the benefit of creditors or is the subject of a bankruptcy proceeding under state or federal law;
>
> (ii) EnduraCare liquidates or appoints a receiver with respect to its assets; or
>
> (iii) EnduraCare defaults in the performance of its obligations under the Agreements and such default is not cured within thirty (30) days of the receipt of written notice from Defendants specifying in reasonable detail the nature of such default.

17. None of the foregoing prerequisites for termination exist. First, Plaintiff EnduraCare is not making an assignment for the benefit of creditors, is not in bankruptcy, is not liquidating, and is not the subject of a receivership. Second, Defendants have never indicated or suggested that Plaintiff EnduraCare is in default and have never issued any written notice of default. To the contrary, Defendants have expressed appreciation for Plaintiff EnduraCare's provision of the Management Services and have emphasized that they have enjoyed working with Plaintiff EnduraCare.

18. In addition, pursuant to Section 6(d) of the Agreements, and notwithstanding the limited circumstances for termination set forth above, termination of the Agreements still would

not be effective for sixty (60) days and not until Defendants have paid for all of the Management Services provided by Plaintiff EnduraCare.

19. Defendants have not provided valid notices of termination to Plaintiff EnduraCare and have not paid the amounts owed to Plaintiff EnduraCare for the Management Services that Plaintiff EnduraCare has rendered to Defendants for the benefit of Defendants.

20. Plaintiff EnduraCare reasonably anticipated receiving a profit that would have accrued over the remaining term of the Agreements.

21. Defendants' premature termination of the Agreements means that Plaintiff EnduraCare will not realize this expected profit.

*Defendants Wrongfully Solicit Plaintiff EnduraCare's Employee*

22. Furthermore, Defendants have expressed to Plaintiff EnduraCare that they intend to build their own professional therapy services company and that, in order to execute this plan, they intend to hire Plaintiff EnduraCare's personnel in contravention of Section 7(b) of the Agreements. Section 7(b) of the Agreements categorically prohibits Defendants from soliciting or using any of Plaintiff EnduraCare's personnel for the foreseeable future:

> During the term of this Agreement and for one (1) year following the termination hereof, [Defendants] shall not, directly or indirectly, including but not limited to by the contract, employment or other retention of any third party individual or entity (including any third party services provider) that provides services similar to the Management Services, solicit, contract with, employ or otherwise utilize the services of or receive the benefits of services from, any employee, independent contractor, representative or agent of EnduraCare (or allow any third party to employ or otherwise utilize the services of any such person at or in the Facility) with whom [Defendants] has dealings while EnduraCare is engaged in providing Management Services to [Defendants] during the term of this Agreement or induce any such person to terminate his/her relationship with EnduraCare . . . .

This straightforward language prohibits Defendants from soliciting or using Plaintiff EnduraCare's personnel directly or indirectly and provides, among other things, that a breach

entitles Plaintiff EnduraCare to an award of liquidated damages equivalent to the amount of that employee's annual salary.

23. Plaintiff EnduraCare has learned that Defendants have solicited, and intend to hire, at the very least, a manager presently employed by Plaintiff EnduraCare who has an annual salary of Ninety-Two Thousand Dollars ($92,000.00). The identified manager provides the Management Services to both Defendants and, therefore, Defendants are jointly and severally liable for breaching Section 7(b) of the Agreements.

24. As a result, Defendant East Bank presently owes Plaintiff EnduraCare: (1) Fifty-Five Thousand Four Hundred Thirty-Seven Dollars and Fifty Cents ($55,437.50), plus late charges, for the Management Services rendered, (2) liquidated damages in the amount of at least Ninety-Two Thousand Dollars ($92,000.00) for breach of the restrictive covenant contained in Section 7(b) of the East Bank TMA, (3) lost profits in an amount to be determined for the unlawful termination of the East Bank TMA, and (4) reasonable attorneys' fees and costs.

25. Similarly, Defendant Home Bridge presently owes Plaintiff EnduraCare: (1) Thirty-Five Thousand Eight Hundred Twelve Dollars and Forty-Eight Cents ($35,812.48), plus late charges, for the Management Services rendered, (2) liquidated damages in the amount of at least Ninety-Two Thousand Dollars ($92,000.00) for breach of the restrictive covenant contained in Section 7(b) of the Home Bridge TMA, (3) lost profits in an amount to be determined for the unlawful termination of the Home Bridge TMA, and (4) reasonable attorneys' fees and costs.

26. Of course, additional amounts continue to accrue subsequent to the filing of this action as Plaintiff EnduraCare is continuing to provide Management Services to Defendants but, consistent with the Agreements, has not yet issued invoices for those Management Services.

**FIRST CLAIM FOR RELIEF**
(<u>Breach of Contract</u>)

27. Plaintiff EnduraCare incorporates herein by reference each and every allegation set forth above.

28. Plaintiff EnduraCare and Defendants entered into the Agreements, valid and binding contracts, whereby Plaintiff EnduraCare agreed to provide the Management Services to Defendants in exchange for payment and in exchange for a variety of other obligations including, but not limited to, certain restrictive covenants protecting Plaintiff EnduraCare's investment in its personnel.

29. Plaintiff EnduraCare performed all of its obligations under the Agreements, and all conditions precedent to Plaintiff EnduraCare's recovery of the amounts due have occurred.

30. Defendants have breached and unequivocally repudiated the Agreements by failing to pay the amounts due under the Agreements for the Management Services, by prematurely terminating the Agreements, and by wrongfully soliciting Plaintiff EnduraCare's personnel.

31. Defendants' breach of the Agreements has caused injury to Plaintiff EnduraCare as set forth above.

32. As a result, Plaintiff EnduraCare is entitled to recover from Defendant East Bank: (1) the amount of Fifty-Five Thousand Four Hundred Thirty-Seven Dollars and Fifty Cents ($55,437.50), plus late fees, and other amounts that will accrue after the commencement of this action, for the Management Services rendered, (2) liquidated damages in the amount of at least Ninety-Two Thousand Dollars ($92,000.00) for breach of the restrictive covenant contained in Section 7(b) of the East Bank TMA, (3) lost profits in an amount to be determined for the unlawful termination of the East Bank TMA, (4) reasonable attorneys' fees and costs, and (5) a

temporary restraining order, preliminary injunction, and permanent injunction to preclude Defendant East Bank from retaining Plaintiff EnduraCare's employees.

33. Similarly, Plaintiff EnduraCare is entitled to recover from Defendant Home Bridge: (1) the amount of Thirty-Five Thousand Eight Hundred Twelve Dollars and Forty-Eight Cents ($35,812.48), plus late fees, and other amounts that will accrue after the commencement of this action, for the Management Services rendered, (2) liquidated damages in the amount of at least Ninety-Two Thousand Dollars ($92,000.00) for breach of the restrictive covenant contained in Section 7(b) of the Home Bridge TMA, (3) lost profits in an amount to be determined for the unlawful termination of the Home Bridge TMA, (4) reasonable attorneys' fees and costs, and (5) a temporary restraining order, preliminary injunction, and permanent injunction to preclude Defendant Home Bridge from retaining Plaintiff EnduraCare's employees.

## SECOND CLAIM FOR RELIEF
### (Account)

34. Plaintiff EnduraCare incorporates herein by reference each and every allegation set forth above.

35. Defendant East Bank owes Plaintiff EnduraCare the amount of Fifty-Five Thousand Four Hundred Thirty-Seven Dollars and Fifty Cents ($55,437.50) on an open account, for the Management Services furnished to Defendant East Bank at Defendant East Bank's request. A true and correct copy of the account is attached hereto as **EXHIBIT 3**.

36. Defendant Home Bridge owes Plaintiff EnduraCare the amount of Thirty-Five Thousand Eight Hundred Twelve Dollars and Forty-Eight Cents ($35,812.48) on an open account, for the Management Services furnished to Defendant Home Bridge at Defendant Home Bridge's request. A true and correct copy of the account is attached hereto as **EXHIBIT 4**.

37. Defendants will continue to owe Plaintiff EnduraCare damages on an open account because Plaintiff EnduraCare is continuing to provide the Management Services to and for the benefit of Defendants, which have not yet been invoiced by Plaintiff EnduraCare.

38. Plaintiff EnduraCare is entitled to recover from Defendant East Bank the amount of Fifty-Five Thousand Four Hundred Thirty-Seven Dollars and Fifty Cents ($55,437.50) and from Defendant Home Bridge the amount of Thirty-Five Thousand Eight Hundred Twelve Dollars and Forty-Eight Cents ($35,812.48), plus pre-judgment interest, post-judgment interest, attorneys' fees, and costs.

### THIRD CLAIM FOR RELIEF
### (Quantum Meruit)

39. Plaintiff EnduraCare incorporates herein by reference each and every allegation set forth above.

40. Beginning on or about October 18, 2010, and continuing through the present, Plaintiff EnduraCare provided the Management Services to, and continues to provide the Management Services to, Defendants at Defendants' request.

41. Defendants promised to pay Plaintiff EnduraCare for the Management Services provided to Defendants, and promised to pay for future Management Services rendered by Plaintiff EnduraCare.

42. Defendants have not paid Plaintiff EnduraCare in full for the Management Services provided to Defendants.

43. The Management Services benefited Defendants in that Plaintiff EnduraCare's performance of the Management Services permitted Defendants to satisfy their own contractual, licensing, and regulatory obligations to Defendants' residents.

44. The unpaid Management Services are reasonably worth the amount of Fifty-Five Thousand Four Hundred Thirty-Seven Dollars and Fifty Cents ($55,437.50) to Defendant East Bank and the amount of Thirty-Five Thousand Eight Hundred Twelve Dollars and Forty-Eight Cents ($35,812.48) to Defendant Home Bridge.

45. Defendants' receipt of the benefit of the Management Services without paying in full for the same is unjust.

46. Plaintiff EnduraCare is entitled to recover from Defendant East Bank the amount of Fifty-Five Thousand Four Hundred Thirty-Seven Dollars and Fifty Cents ($55,437.50) and from Defendant Home Bridge the amount of Thirty-Five Thousand Eight Hundred Twelve Dollars and Forty-Eight Cents ($35,812.48), plus pre-judgment interest, post-judgment interest, attorneys' fees, and costs.

**WHEREFORE,** Plaintiff EnduraCare demands:

1. Judgment in its favor on all counts;

2. Judgment in favor of Plaintiff EnduraCare on its First Claim for Relief against Defendant East Bank awarding: (1) the amount of Fifty-Five Thousand Four Hundred Thirty-Seven Dollars and Fifty Cents ($55,437.50), plus late fees, and other amounts that will accrue after the commencement of this action, for the Management Services rendered, (2) liquidated damages in the amount of at least Ninety-Two Thousand Dollars ($92,000.00) for breach of the restrictive covenant contained in Section 7(b) of the East Bank TMA, (3) lost profits in an amount to be determined for the unlawful termination of the East Bank TMA, (4) reasonable attorneys' fees and costs, and (5) a temporary restraining order, preliminary

       injunction, and permanent injunction to preclude Defendant East Bank from retaining Plaintiff EnduraCare's employees;

3. Judgment in favor of Plaintiff EnduraCare on its First Claim for Relief against Defendant Home Bridge awarding: (1) the amount of Thirty-Five Thousand Eight Hundred Twelve Dollars and Forty-Eight Cents ($35,812.48), plus late fees, and other amounts that will accrue after the commencement of this action, for the Management Services rendered, (2) liquidated damages in the amount of at least Ninety-Two Thousand Dollars ($92,000.00) for breach of the restrictive covenant contained in Section 7(b) of the Home Bridge TMA, (3) lost profits in an amount to be determined for the unlawful termination of the Home Bridge TMA, (4) reasonable attorneys' fees and costs, and (5) a temporary restraining order, preliminary injunction, and permanent injunction to preclude Defendant Home Bridge from retaining Plaintiff EnduraCare's employees;

4. Judgment in favor of Plaintiff EnduraCare on its Second and Third Claims for Relief against Defendant East Bank in the amount of Fifty-Five Thousand Four Hundred Thirty-Seven Dollars and Fifty Cents ($55,437.50) and on its Second and Third Claims for Relief against Defendant Home Bridge in the amount of Thirty-Five Thousand Eight Hundred Twelve Dollars and Forty-Eight Cents ($35,812.48), plus pre-judgment interest, post-judgment interest, attorneys' fees, and costs; and

5. All other relief in law or equity to which Plaintiff EnduraCare may be entitled.

                                                Respectfully Submitted,

                                                NIELSEN, ZEHE & ANTAS, P.C.

                                                <u>s/ Kevin M. Phillips</u>
                                                Kevin M. Phillips (6239602)
                                                NIELSEN, ZEHE & ANTAS, P.C.
                                                55 West Monroe Street
                                                Suite 1800
                                                Chicago, Illinois 60603
                                                Ph: (312) 322-9900
                                                Fax: (312) 322-9977
                                                Email: kphillips@nzalaw.com
                                                *Attorney for Plaintiff*
                                                *EnduraCare Therapy Management, Inc.*

## JURY DEMAND

Plaintiff EnduraCare Therapy Management, Inc. hereby demands a trial by jury, by the maximum number of jurors permitted by law, on all issues so triable herein.

                                            Respectfully Submitted,

                                            s/ Kevin M. Phillips
                                            Kevin M. Phillips (6239602)
                                            NIELSEN, ZEHE & ANTAS, P.C.
                                            55 West Monroe Street
                                            Suite 1800
                                            Chicago, Illinois 60603
                                            Ph: (312) 322-9900
                                            Fax: (312) 322-9977
                                            Email: kphillips@nzalaw.com
                                            *Attorney for Plaintiff*
                                            *EnduraCare Therapy Management, Inc.*